## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CANDID CARE CO.,<br><br>             Plaintiff,<br><br>      v.<br><br>SMILEDIRECTCLUB, LLC,<br><br>             Defendant. | C.A. No. 1:20-cv-01764 (CFC) |
| SMILEDIRECTCLUB, LLC,<br><br>             Plaintiff,<br><br>      v.<br><br>CANDID CARE CO.,<br><br>             Defendant. | C.A. No. 1:21-cv-01165 (CFC) |

## OPENING BRIEF IN SUPPORT OF UNOPPOSED MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

OF COUNSEL:

Cynthia J. Rigsby (*pro hac vice*)
Kelsey C. Boehm (*pro hac vice*)
FOLEY & LARDNER LLP
777 East Wisconsin Avenue
Milwaukee, WI 53202
(414) 271-2400

Dated: September 29, 2021

Kenneth L. Dorsney (#3726)
Cortlan S. Hitch (#6720)
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
(302) 888-6800
kdorsney@morrisjames.com
chitch@morrisjames.com

*Attorneys for Defendant*
*SmileDirectClub, LLC*

## **<u>TABLE OF CONTENTS</u>**

I.    NATURE AND STAGE OF THE PROCEEDIGNS.....................................1

II.    SUMMARY ARGUMENT..............................................................1

III.    STATEMENT OF FACTS...............................................................1

IV.    ARGUMENT..............................................................................3

    **A.**    All Claims, Including Candid's Declaratory Judgment Claims and Counterclaims, Should Be Dismissed For Lack of Subject Matter Jurisdiction.................................................................3

    **B.**    Pending Cases on Other Patents Do Not Provide the Court With Subject Matter Jurisdiction Over the '599 Patent Cases......................7

    **C.**    Dismissal of SDC's Infringement Claims related to the '599 Patent is Also Warranted......................................................8

V.    CONCLUSION...........................................................................9

**TABLE OF AUTHORITIES**

**Page(s)**

## Cases

*Abbott Labs. v. Johnson & Johnson, Inc.*,
  No. 06-613-SLR, 2007 U.S. Dist. LEXIS 72235 (D. Del. Sep. 27, 2007)...........7

*Already, LLC v. Nike*,
  568 U.S. 85 (2013)...........................................................................................4, 6

*Amana Refrigeration, Inc. v. Quadlux, Inc.*,
  172 F.3d 852 (Fed. Cir. 1999) .........................................................................6

*Benitec Australia, Ltd. v. Nucleonics, Inc.*,
  495 F.3d 1340 (Fed. Cir. 2007) ........................................................................4

*Bioverativ Inc. v. CSL Behring LLC*,
  Civil Action No. 17-914-RGA, 2021 U.S. Dist. LEXIS 147677 (D. Del. Aug. 6,
  2021) ...............................................................................................................5, 9

*Bos. Sci. Corp. v. Johnson & Johnson, Inc.*,
  679 F. Supp. 2d 539 (D. Del. 2010).................................................................8

*Carpet Group Int'l v. Oriental Rug Importers Ass'n, Inc.*,
  227 F.3d 62 (3d Cir. 2000) ...............................................................................4

*Crossbow Tech., Inc. v. YH Tech.*,
  531 F. Supp. 2d 1117 (N.D. Cal. 2007)............................................................8

*Dow Jones Co. v. Ablaise Ltd.*,
  606 F.3d 1338 (Fed. Cir. 2010) .........................................................................5

*Evonik Degussa GmbH v. Materia Inc.*,
  Civil Action No. 09-cv-636 (NLH/JS), 2016 U.S. Dist. LEXIS 46371 (D. Del.
  Apr. 6, 2016).....................................................................................................5

*Friends of the Earth, Inc. v. Laidlaw Envt'l. Servs. (TOC), Inc.*,
  528 U.S. 167 (2000)........................................................................................4, 6

*Furminator, Inc. v. Ontel Prods. Corp.*,
  246 F.R.D. 579 (E.D. Mo. 2007) ......................................................................8

*Genentech, Inc. v. Amgen Inc.*,
No. 17-1407-CFC, 2020 U.S. Dist. LEXIS 23311 (D. Del. Feb. 11, 2020) ........5

*Merck & Co. v. Apotex, Inc.*,
488 F. Supp. 2d 418 (D. Del. 2007).......................................................................8

*Nike, Inc. v. Already, LLC*,
663 F.3d 89 (2d Cir. 2011) *aff'd* 568 U.S. 85.......................................................9

*Pfizer Inc. v. Ranbaxy Labs., Ltd.*,
525 F. Supp. 2d 680 (D. Del. 2007).......................................................................8

*Pride Mfg. Co., LLC v. Evolve Golf, Inc.*,
No. 15-1034-SLR, 2016 U.S. Dist. LEXIS 150303 (D. Del. Oct. 31, 2016)...4, 5

*Spectronics Corp. v. H.B. Fuller Co.*,
940 F.2d 631 (Fed. Cir. 1991) ...............................................................................7

*Steffel v. Thompson*,
415 U.S. 452 (1974)................................................................................................4

*Super Sack Mfg. Corp. v. Chase Packaging Corp.*,
57 F.3d 1054 (Fed. Cir. 1995) ...........................................................................4, 6

**Statutes**

28 U.S.C. § 2201(a) ......................................................................................................4

35 U.S.C. § 101 .............................................................................................................2

Declaratory Judgment Act .............................................................................................4

**Other Authorities**

Fed. R. Civ. P. 12 ..........................................................................................................3

Fed. R. Civ. P. 41(a)(2) .................................................................................................8

U.S. Patent No. 10,636,522............................................................................................2

U.S. Patent No. 10,861,599.............................................................1, 2, 3, 6, 7, 8, 9

U.S. Patent No. 11,094,414...................................................................................2, 7, 8

## I.    NATURE AND STAGE OF THE PROCEEDIGNS

SDC has executed a Covenant Not to Sue ("Covenant") and now seeks dismissal of all claims relating to U.S. Patent No. 10,861,599 ("the '599 patent").

## II.    SUMMARY ARGUMENT

1.    Both the Supreme Court and Federal Circuit have made clear that a sufficiently broad covenant not to sue moots any case or controversy related to the covered patent and divests the court of subject matter jurisdiction over claims related to that patent. Because the Covenant SDC has provided to Candid is sufficiently broad, this Court now lacks subject matter jurisdiction over all of Candid's claims related to the '599 patent and such claims should be dismissed.

2.    SDC's voluntary dismissal of its infringement claim and counterclaim on the '599 patent should be granted as SDC effectively abandons these claims with the Covenant.

## III.    STATEMENT OF FACTS

On December 8, 2020, the United States Patent and Trademark Office issued the '599 patent to SDC. That same day, SDC filed suit in the U.S. District Court for the Western District of Texas asserting infringement of the '599 patent against Candid Care Co. ("Candid"). (D.I. 1, Compl. ¶ 7; 6:20-cv-1115-ADA)("the Texas Action").) Two weeks later, Candid brought a declaratory judgment action in this Court seeking declaratory judgment that claim preclusion and issue preclusion bar

1

SDC from asserting infringement of the '599 patent based on the prior ruling relating to U.S. Patent 10,636,522 (the '522 patent), as well as judgment that the '599 patent was invalid and not infringed. (D.I. 1, Compl; 1:20-cv-01764.) Making largely the same estoppel arguments, on January 4, 2021, Candid moved to dismiss SDC's complaint in the Texas Action. (D.I. 12; 6:20-cv-1115-ADA.) The Texas Court denied Candid's motion to dismiss on July 1, 2021. Thereafter, on July 30, 2021, this Court denied SDC's motion to dismiss the Declaratory Judgment action filed by Candid in 1:20-cv-01764. Following that decision, the Texas Court granted Candid's motion to transfer the Texas Action to this Court (now 1:21-cv-01165).

On August 17, 2021, the Federal Circuit affirmed the Delaware District Court's earlier decision dismissing SDC's cases against Candid on the '522 patent under 35 U.S.C. §101. On that same date, the United States Patent Office granted another patent to SDC, U.S. Patent No. 11,094,414 ("the '414 patent"); and Candid immediately filed a Declaratory Judgment action concerning this patent in the District of Delaware. Coincidentally, the parties had a hearing before this Court on the '599 cases the next day, August 18, 2021, at which point this Court stayed the '599 cases on its own motion, other than in relation to motions to dismiss that it counseled Candid to bring under 35 U.S.C. §101.

Thereafter, on September 2, 2021, SDC's counsel corresponded with counsel for Candid, indicating SDC's intention to voluntarily dismiss all infringement claims

on the '599 patent. The letter enclosed a draft of a Covenant Not to Sue ("Covenant") on the '599 patent, and stated that the Covenant mooted any case or controversy. The letter invited Candid to discuss next steps to facilitate a prompt resolution of the case. On September 9, 2021, Candid's counsel requested that SDC provide a proposed undisputed motion to dismiss the '599 cases. SDC provided Candid with a proposed undisputed motion to dismiss all of the claims and counterclaims relating to the '599 patent on September 14.

On September 20, 2021, SDC provided an executed version of the Covenant to Candid, a copy of which is attached as Exhibit A. There, SDC irrevocably and unconditionally covenants not to assert any claim of direct or indirect patent infringement against Candid or its subsidiaries and customers under any claim of the '599 Patent with respect to any past, present, and future activity relating to Candid's current products and services or any future products or services that are substantially the same. The parties subsequently filed a stipulation to lift the stay and allow the filing of this motion.

## IV.   ARGUMENT

### A.   All Claims, Including Candid's Declaratory Judgment Claims and Counterclaims, Should Be Dismissed For Lack of Subject Matter Jurisdiction.

Under Rule 12 of the Federal Rules of Civil Procedure, a party may move to dismiss a claim for lack of subject matter jurisdiction at any time. This defense

"cannot be waived, and the court is obliged to address the issue on its own motion." *Pride Mfg. Co., LLC v. Evolve Golf, Inc*., No. 15-1034-SLR, 2016 U.S. Dist. LEXIS 150303, at *3 (D. Del. Oct. 31, 2016) (citing *Moodie v. Fed. Reserve Bank of N.Y.*, 58 F.3d 879, 882 (2d Cir. 1995)). Once jurisdiction is challenged, the party asserting subject matter jurisdiction has the burden of proving its existence. *See Carpet Group Int'l v. Oriental Rug Importers Ass'n, Inc.*, 227 F.3d 62, 69 (3d Cir. 2000).

A party claiming jurisdiction under on the Declaratory Judgment Act must establish that jurisdiction "existed at the time the claim for declaratory relief was filed and that it has continued since." *Benitec Australia, Ltd. v. Nucleonics, Inc.*, 495 F.3d 1340, 1344 (Fed. Cir. 2007); *see also Steffel v. Thompson*, 415 U.S. 452, 459 n.10 (1974) ("The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed.") (citations omitted). Jurisdiction, in turn, requires an "actual controversy" between the parties. 28 U.S.C. § 2201(a); *see also Steffel*, 415 U.S. 452, 459.

In a patent case, a sufficiently broad covenant not to sue extinguishes any actual controversy. *Friends of the Earth, Inc. v. Laidlaw Envt'l. Servs. (TOC), Inc*., 528 U.S. 167, 190 (2000); *Super Sack Mfg. Corp. v. Chase Packaging Corp.*, 57 F.3d 1054, 1058 (Fed. Cir. 1995); *see also Already, LLC v. Nike*, 568 U.S. 85 at 94-95 (2013) (applying the voluntary cessation test and analyzing the language of the covenant at issue). A district court does not have any discretion to retain jurisdiction

in the face of such a covenant. *Dow Jones Co. v. Ablaise Ltd.*, 606 F.3d 1338, 1348 (Fed. Cir. 2010).[1]

Thus, district courts routinely dismiss claims including claims for declaratory judgment of invalidity, unenforceability, non-infringement, or some combination thereof based on a covenant not to sue. *See e.g., Pride Mfg. Co., LLC v. Evolve Golf, Inc.*, No. 15-1034-SLR, 2016 U.S. Dist. LEXIS 150303, at *5 (D. Del. Oct. 31, 2016) ("A covenant not-to-sue deprives the court of declaratory judgment jurisdiction relating to claims addressed by the covenant."); *Bioverativ Inc. v. CSL Behring LLC*, Civil Action No. 17-914-RGA, 2021 U.S. Dist. LEXIS 147677, at *10-12 (D. Del. Aug. 6, 2021); *Evonik Degussa GmbH v. Materia Inc.,* Civil Action No. 09-cv-636 (NLH/JS), 2016 U.S. Dist. LEXIS 46371, at *2 (D. Del. Apr. 6, 2016); *Genentech, Inc. v. Amgen Inc.*, No. 17-1407- CFC, 2020 U.S. Dist. LEXIS 23311, at *17-19 (D. Del. Feb. 11, 2020).

SDC's Covenant warrants the same result, as it is sufficiently broad to moot any controversy. It is irrevocable and unconditional; it includes both Candid and its customers and subsidiaries; and it applies to all activity – past, present, and future – concerning Candid's current or past products, as well as any methods, services or

---

[1] Indeed, this Court has even found circumstances less binding than a covenant not to sue sufficient to moot the case or controversy and deprive the Court of subject matter jurisdiction. *Genentech, Inc. v. Amgen Inc.*, No. 17-1407-CFC, 2020 U.S. Dist. LEXIS 23311, at *17-19 (D. Del. Feb. 11, 2020).

products Candid may release in the future that are substantially the same as its current or past products. Moreover, Candid has not provided any specific plans to create a new product that is substantially different from its current products and that would both arguably infringe the '599 patent and fall outside the scope of the Covenant. *Already,* 568 U.S. at 94. Thus, the Covenant is also sufficiently broad in that no known activity places Candid at risk of infringement liability for the '599 patent. *See Super Sack,* 57 F.3d at 1060 (Under Federal Circuit case law, the "residual possibility of a future infringement suit" based on possible unknown, new future products is "too speculative a basis for jurisdiction over [Candid's claims] for declaratory judgment[]."); *see also Amana Refrigeration, Inc. v. Quadlux, Inc.,* 172 F.3d 852, 855-56 (Fed. Cir. 1999).

Accordingly, SDC has made it "absolutely clear" that any enforcement of the '599 patent "could not reasonably be expected to recur" against Candid, its customers or subsidiaries, for any past, present, or future activity involving any current or past products and any future products that are substantially the same. *See Friends of the Earth,* 528 U.S. at 190. The Covenant meets and even surpasses the criteria courts in this District have previously found to divest them of subject matter jurisdiction over patent claims and therefor eliminates any "actual controversy." Accordingly, all of Candid's claims and counterclaims related to the '599 patent should be dismissed.

**B.**     **Pending Cases on Other Patents Do Not Provide the Court With Subject Matter Jurisdiction Over the '599 Patent Cases**

Any pending patent litigation between the parties on other related patents (such as Candid's declaratory judgment suit on U.S. Patent No. 11,094,414 ("the '414 patent")) has no bearing on the Court's subject matter jurisdiction on claims arising from the '599 patent.[2] The Federal Circuit has made clear that a "patentee defending against an action for a declaratory judgment of invalidity [noninfringement and unenforceability] can divest the trial court of jurisdiction over the case by filing a covenant not to assert ***the patent at issue*** against the putative infringer with respect to any of its past, present or future acts." *Spectronics Corp. v. H.B. Fuller Co.,* 940 F.2d 631, 636-38 (Fed. Cir. 1991) (emphasis added). Litigation on a different patent, even if it is already the subject of separate litigation, does not affect the subject matter jurisdiction analysis for the patent claims covered by the covenant not to sue. *See e.g., Abbott Labs. v. Johnson & Johnson, Inc*., No. 06-613-SLR, 2007 U.S. Dist. LEXIS 72235, at *5 (D. Del. Sep. 27, 2007) (covenant not to sue divested the court of jurisdiction over patents covered by covenant even though plaintiff moved to add recently issued, related family patents to the case); *Pfizer Inc. v. Ranbaxy Labs., Ltd*., 525 F. Supp. 2d 680, 685-87 (D. Del. 2007) (holding that

---

[2] SDC has never asserted any claim of patent infringement against Candid on the '414 patent. SDC will address any potential jurisdictional issues relating to the '414 patent declaratory judgment case in due course, and this Motion should not be deemed a waiver of any possible defenses pertaining to that case.

possibility that patentee would assert a future reissue patent not covered by covenant not to sue was not sufficient to provide subject matter jurisdiction); *Bos. Sci. Corp. v. Johnson & Johnson, Inc.*, 679 F. Supp. 2d 539, 543 n.5 (D. Del. 2010) (covenant not to sue on subset of claims moots subject matter jurisdiction on those claims while the court retains jurisdiction on the remaining claims); *see also Furminator, Inc. v. Ontel Prods. Corp.*, 246 F.R.D. 579, 591 (E.D. Mo. 2007) (despite existence of related patents, covenant not to sue was sufficient to remove any "actual controversy" from the case); *Crossbow Tech., Inc. v. YH Tech.*, 531 F. Supp. 2d 1117, 1124 (N.D. Cal. 2007) (same); *Merck & Co. v. Apotex, Inc.*, 488 F. Supp. 2d 418, 424 (D. Del. 2007) ("[A] covenant not to sue removes any cause for concern that [the opposing party] could be held liable for infringement of ***the patents in suit***.") (emphasis added).

Thus any pending litigation on the '414 patent does not provide subject matter jurisdiction as to the '599 patent. The Covenant moots any dispute regarding the '599 patent, and as such, all of Candid's claims and counterclaims related to that patent should be dismissed.

### C.   Dismissal of SDC's Infringement Claims related to the '599 Patent is Also Warranted

In addition to seeking dismissal of Candid's declaratory judgment claims and counterclaims for lack of subject matter jurisdiction, SDC also asks this Court to dismiss SDC's own infringement claims and counterclaims. Under Rule 41(a)(2) of

the Federal Rules of Civil Procedure, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Given that SDC has affirmatively covenanted not to pursue any infringement claims related to the '599 patent against Candid, its current claims and counterclaims should be dismissed. *See e.g., Nike, Inc. v. Already, LLC,* 663 F.3d 89, 93 (2d Cir. 2011) *aff'd* 568 U.S. 85. It would be a waste of party and judicial resources to litigate SDC's claims when SDC has already effectively abandoned those claims. It is common to allow voluntary dismissal of claims in light of a covenant not to sue. *See Bioverativ Inc. v. CSL Behring LLC,* Civil Action No. 17-914-RGA, 2021 U.S. Dist. LEXIS 147677, at *5-8 (D. Del. Aug. 6, 2021). Dismissal is appropriate here as well.

## V.   CONCLUSION

For all of these reasons, SDC respectfully asks that the Court grant this Motion to Dismiss all claims related to the '599 patent.

9

Dated: September 29, 2021

      */s/ Kenneth L. Dorsney*
Kenneth L. Dorsney (#3726)
Cortlan S. Hitch (#6720)
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
(302) 888-6800
kdorsney@morrisjames.com
chitch@morrisjames.com

*OF COUNSEL*:

Cynthia J. Rigsby (*pro hac vice*)
Kelsey C. Boehm (*pro hac vice*)
FOLEY & LARDNER LLP
777 East Wisconsin Avenue
Milwaukee, WI  53202
(414) 271-2400


*Attorneys for Defendant*
*SmileDirectClub, LLC*

## <u>CERTIFICATION BY COUNSEL</u>

I hereby certify that SMILEDIRECTCLUB, LLC'S MOTION TO DISMISS THE '599 PATENT complies with the type and number limitations set forth in the November 6, 2019 Standing Order. The total number of words, including introductions and footnotes, but excluding the cover page and signature page, is 2,174, according to the word processing system used to compile the brief. The text of the brief is 14-point, Times New Roman.

*/s/ Kenneth L. Dorsney*
Kenneth L. Dorsney (#3726)

*Attorneys for Defendant*
*SmileDirectClub, LLC*

# EXHIBIT A

# COVENANT NOT TO SUE

This Covenant Not to Sue ("Covenant") is made effective the 20th day of September, 2021 ("Effective Date") by SmileDirectClub, LLC, ("SDC"), a Tennessee limited liability company with its principal place of business in Nashville, Tennessee.

## RECITALS

1.  WHEREAS SDC is the assignee and owner of U.S. Patent No. 10,861,599 ("the '599 patent") entitled "Arrangements for Intraoral Scanning," which issued December 8, 2020;

2.  WHEREAS SDC brought suit in the United States District Court for the Western District of Texas against Candid Care Co. ("Candid") for patent infringement of the '599 patent captioned *SmileDirectClub, LLC v. Candid Care Co.,* No. 6:20-cv-1115-ADA, (W.D. Tex. Dec. 8, 2020) ("the Texas Action");

3.  WHEREAS Candid brought a declaratory judgment suit in the United States District Court for the District of Delaware against SDC bringing claims of claim preclusion and/or issue preclusion, invalidity and non-infringement of the '599 patent captioned *Candid Care Co. v. SmileDirectClub, LLC,* C.A. No. 20-CV-1764 (CFC) (D. Del. Dec. 23, 2020);

4.  WHEREAS the Texas Action was transferred from the United Statas District Court for the Western District of Texas to the United States District Court for the District of Delaware and captioned *SmileDirectClub, LLC v. Candid Care Co.* C.A. No. 21-CV-1165 (CFC) (D. Del. Aug. 25, 2021);

5.  WHEREAS SDC is voluntarily dismissing its asserted infringement claims relating to the '599 patent against Candid;

## COVENANT

1.  Pursuant to *Super Sack Mfg. Corp. v. Chase Packaging Corp.*, 57 F.3d 1054, 1058 (Fed. Cir. 1995), SDC unconditionally and irrevocably covenants not to assert any claim of direct or indirect patent infringement against Candid and its subsidiaries and customers under any claim of the '599 Patent, based upon past, current, or future making, using, manufacturing, marketing, distributing, importing, offering for sale, or selling of any of Candid's product(s), method(s) or service(s) as they exist today, or have existed in the past.

2.  This Covenant shall not extend to product(s), method(s) or service(s) used, manufactured, marketed, distributed, imported, offered for sale, or sold by Candid that are not commercially available as of the date of the Covenant's Effective Date, and it shall not include any future modified versions of currently available Candid product(s), method(s) or service(s) that are substantially different than their current versions.

3.  This Covenant not to sue is limited to the '599 Patent only and shall not extend to or apply with respect to any other patent SDC currently owns, may hereafter acquire, or that may issue in the future.

4.     This Covenant shall not be construed as providing a license, implied or otherwise, to Candid under the '599 patent or any other patent SDC currently owns, may hereafter acquire, or that may issue in the future.

5.     This Covenant does not, either expressly or by implication, estoppel, or otherwise, constitute an admission by SDC that the claims of the '599 patent are unpatentable, invalid, unenforceable, or not infringed by Candid or any of its related business entities, distributors or customers.

6.     This Covenant does not affect or limit in any way, either expressly or by implication, estoppel, or otherwise, SDC's assertion of any patent other than the '599 patent against Candid.

7.     This Covenant shall be binding on any successor in interest to SDC, including any subsequent owner of the '599 patent.

8.     **SmileDirectClub, LLC**

By: *Susan Greenspon Rammelt*
Susan Greenspon Rammelt (Sep 20, 2021 13:28 CDT)

Name:     Susan Greenspon Rammelt
Title:      Chief Legal Officer, EVP Business Affairs
Date:      Sep 20, 2021

# 2021.09.20 Executed covenant not to sue

Final Audit Report                                     2021-09-20

| | |
|---|---|
| Created: | 2021-09-20 |
| By: | Melissa Smith (melissa.smith@smiledirectclub.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAxajeWC5qOSDNi9PLhXKHS1WflXU9pri1 |

## "2021.09.20 Executed covenant not to sue" History

📄 **Document created by Melissa Smith (melissa.smith@smiledirectclub.com)**
2021-09-20 - 8:26:06 PM GMT- IP address: 108.212.197.195

📧 **Document emailed to Susan Greenspon Rammelt (susan.greenspon@smiledirectclub.com) for signature**
2021-09-20 - 8:27:02 PM GMT

📄 **Email viewed by Susan Greenspon Rammelt (susan.greenspon@smiledirectclub.com)**
2021-09-20 - 8:27:47 PM GMT- IP address: 104.47.55.126

🔏 **Document e-signed by Susan Greenspon Rammelt (susan.greenspon@smiledirectclub.com)**
Signature Date: 2021-09-20 - 8:28:11 PM GMT - Time Source: server- IP address: 131.93.164.217

✅ **Agreement completed.**
2021-09-20 - 8:28:11 PM GMT

